UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANNA S. ANDREWS | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| GAT HOLDINGS, INC. a/k/a GAT | * | |
| AIRLINE GROUND SUPPORT, INC. & | * | MAG. JUDGE |
| STARR INDEMNITY & LIABILITY CO. | * | |
| a/k/a STARR SPECIALTY INS. CO. | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>NOTICE OF REMOVAL</u>

TO:    Clerk of Court
        United States District Court
        Eastern District of Louisiana
        500 Poydras Street
        New Orleans, Louisiana 70130

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendants, GAT –

Airline Ground Support Inc., ("GAT"), improperly identified as GAT Holdings, Inc., a/k/a GAT

Airline Ground Support, Inc. a/k/a G.A.T. Airline Ground Support, Inc., and Starr Indemnity &

Liability Co. a/k/a Starr Specialty Ins. Co., ("Starr"), respectfully file this Notice of Removal of

the above-styled matter, and as cause therefore would show as follows:

## I.        <u>BACKGROUND</u>

1.

This action began on July 11, 2022 when Anna S. Andrews, ("Plaintiff"), filed a Petition

for Damages, ("Petition"), in the Civil District Court for the Parish of Orleans, State of Louisiana,

bearing civil action number 2022-6155.[1]  Plaintiff alleges that on July 19, 2021, she was a fare-paying passenger onboard a Delta Airlines flight departing from the Louis Armstrong International Airport.[2]  Plaintiff alleges that on July 19, 2021, as Plaintiff was transferring from her own wheelchair to an "aisle chair," the "aisle chair" moved and she fell to the floor of the jet bridge.[3]

2.

Plaintiff named as Defendants, GAT Holdings, Inc., a/k/a GAT Airline Ground Support, Inc. a/k/a G.A.T. Airline Ground Support, Inc., the alleged contractor to provide assistance to Delta Airline's passengers, and Starr Indemnity & Liability Co. a/k/a Starr Specialty Ins. Co., the alleged insurer of GAT.[4]

3.

As discussed more fully in Section III, infra, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b) within 30 days after receipt by Starr, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Starr was the first named Defendant served with a copy of Plaintiff's Petition for Damages and service was effected on August 3, 2022.

4.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Orleans Parish, Louisiana – where the state court action is pending.[5]

---

[1] *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A.
[2] *See*, Exhibit A, Plaintiff's Petition, ¶ III.
[3] *See*, Exhibit A, Plaintiff's Petition, ¶ X.
[4] *See*, Exhibit A, Plaintiff's Petition, ¶¶ VII and XIV.
[5] 28 U.S.C. § 1441.

II.      **GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JURISDICTION**

5.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and all properly joined Defendants, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Therefore, this action is properly removable under 28 U.S.C. § 1441.

A.      **Complete Diversity of Citizenship**

6.

For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled.[6]  Plaintiff is a natural person of the full age of majority and domiciled in the State of Georgia.[7]  Thus, Plaintiff is a citizen of the State of Georgia for purposes of diversity jurisdiction.

7.

A corporation is deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.[8]  Starr is a corporation incorporated in the State of Texas and has its principal place of business in the State of New York.  Thus, Starr is a citizen of the States of Texas and New York.

8.

GAT is a corporation with its principal place of business in the State of Georgia and is incorporated in the State of Alabama.  Thus, GAT is a citizen of Georgia and Alabama.

---

[6] *See*, *Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[7] *See*, Exhibit A, Plaintiff's Petition, introductory paragraph.
[8] *See*, 28 U.S.C. § 1332(c)(1).

9.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and all properly joined defendants are citizens of different states.

**B.      Amount in Controversy**

10.

Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

11.

The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[9]   Under that framework, the removing defendant must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[10]  To satisfy this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[11]  The Fifth Circuit has allowed removing defendants to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy is sufficient.[12]

---

[9] *See*, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.
[10] *See*, *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).
[11] *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).
[12] *See id.*

4

12.

Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00" or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[13] To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[14] However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[15] A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiffs' claim.[16]

13.

Here, Plaintiff alleges in the Petition that she sustained damages extensive enough for this Court to find the requisite amount in controversy to be facially apparent. Specifically, Plaintiff alleges she sustained damages in the forms of past, present, and future pain and suffering, mental anguish, and loss of life's enjoyment.[17] Additionally, Plaintiff alleges damages for medical

---

[13] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[14] *See Dart, supra.*
[15] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).
[16] *See generally, Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[17] *See*, Exhibit A, Plaintiff's Petition, XIII.

expenses.[18]  Plaintiff did not limit her claim for medical expenses to past medical expenses, and this damage may include future medical expenses, which will only aid in satisfying the amount in controversy requirement.

14.

As referenced, *supra*, courts should focus on the categories of alleged injuries and damages as well as the tortious nature of the claims.[19]  Here, when considering the categories of alleged damages arising out of Plaintiff's various claims, it is facially apparent that the amount in controversy in this matter exceeds $75,000.00.

15.

In addition to satisfying the facially apparent test, Plaintiff's Petition lacks any general allegation that the monetary value of the case is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.[20]  According to Louisiana Code of Civil Procedure article 893, such a general allegation is "required" to establish the "lack of jurisdiction of federal courts due to insufficiency of damages."[21]  Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[22]  Indeed, a plaintiff's failure to comply with the requirements of Article 893

---

[18] *See*, Exhibit A, Plaintiff's Petition, XIII.
[19] *See*, *Luckett*, *supra* n. 15.
[20] *See*, Exhibit A, Plaintiff's Petition.
[21] La. C.C.P. art. 893(A)(1).
[22] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[23]   Thus, Plaintiff's failure to include any general allegation in the Petition regarding the monetary value of the claims stands as further evidence that the amount in controversy exceeds $75,000.

16.

For each of the foregoing reasons, it is apparent from the face of Plaintiffs' Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.   Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.      TIMELINESS OF REMOVAL & FORUM DEFENDANT RULE

17.

Defendants have demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, Defendants further show that this removal is timely sought under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.      This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

18.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b).   The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.[24]

---

[23]   *Treqknia Bannister v. ACE American Insurance Company, et al.*, No. 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").
[24] 28 U.S.C. § 1446(b)(1).

19.

As outlined above, Starr was the first defendant served in this matter, receiving a copy of the initial pleading setting forth Plaintiff's claims on August 3, 2022.  This Notice of Removal, therefore, is timely filed within 30 days of that date.

**B.**     **This Removal Does Not Violate 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule**

20.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

21.

Here, no properly joined Defendant is a citizen of the State of Louisiana; thus, this removal does not violate the forum-defendant rule.

**IV.**     **CONSENT TO REMOVAL**

22.

When a civil action is removed and there are multiple defendants to the state action, all properly joined and served defendants must join in or consent to the removal.[25]

23.

All Defendants have joined in the filing of this removal.

---

[25] *See* 28 U.S.C. § 1446(b)(2)(A); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).

8

## V.    PROCEDURAL COMPLIANCE & CONCLUSION

24.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

25.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

26.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendants, GAT – Airline Ground Support Inc., improperly identified as GAT Holdings, Inc., a/k/a GAT Airline Ground Support, Inc. a/k/a G.A.T. Airline Ground Support, Inc., and Starr Indemnity & Liability Co. a/k/a Starr Specialty Ins. Co., respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully submitted,

*/s/ André M. Boudreaux*
LEO R. McALOON, III (No. 19044)
ANDRE M. BOUDREAUX (No. 37598)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone:  (504) 561-0400
Facsimile:   (504) 561-1011
Email:  lmcaloon@glllaw.com
         aboudreaux@glllaw.com
ATTORNEYS FOR G.A.T. – AIRLINE GROUND
SUPPORT, INC. and STARR INDEMNITY &
LIABILITY CO.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 31st day of August, 2022.

*/s/ André M. Boudreaux*
ANDRE M. BOUDREAUX